# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANDRA G. KIPFER, a married person, | No. 81155-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| PROVIDENCE HEALTH & SERVICES - WASHIGNTON, a Washington Corporation, d/b/a PROVIDENCE EVERETT MEDICAL CENTER and d/b/a PROVIDENCE MEDICAL LABS, | |
| Respondent. | |

APPELWICK, J. — Kipfer appeals the trial court's grant of summary judgment on her negligence claim. She alleged that the hospital failed to warn her that a chair with a footrest that Kipfer was directed to sit in was not stationary but instead swiveled. The trial court concluded that the medical negligence statute applied, expert testimony on the standard of care was required, and granted summary judgment. As a matter of law chapter 7.70 RCW did not apply. We reverse and remand for trial.

## FACTS

On September 30, 2016, Sandra Kipfer went to the Providence Everett Medical Center for a blood draw. Upon entering the lab, the phlebotomist told her to sit in a chair. The chair in the lab was a swivel chair with a foot rest. Kipfer

stepped on the foot rest to lift herself onto the chair. When she did this, the chair swiveled, causing her to fall on the floor. She hit her head on a metal cart, tore the skin on her left arm, and hit her shoulder and left hip during the fall. She was taken to the emergency room and treated for her injuries.

The phlebotomist was not assisting Kipfer into the chair or rendering any type of medical care to her when she fell. As Kipfer entered the lab, the phlebotomist sat down at her computer and asked Kipfer her name so she could pull up her records for the procedure. The computer was not located where she could see what was happening, but she heard Kipfer fall.

Kipfer sued Providence for negligence. She alleged that Providence employees had failed to warn her about the chair, maintain the chair in a safe way, or otherwise maintain the safety of the premises. Her complaint did not allege medical malpractice.

Providence moved for summary judgment. It alleged that Kipfer's suit was governed by chapter 7.70 RCW, which governs suits for injury "arising from health care." It further alleged that medical negligence claims governed by chapter 7.70 RCW require expert testimony to establish the appropriate standard of care. Providence argued that because Kipfer had not introduced competent expert testimony to establish the appropriate standard of care, her claim must fail.

Kipfer countered that her claim was a general negligence/premises liability claim, and chapter 7.70 RCW was inapplicable. In the alternative, she argued that she had submitted competent expert testimony. She pointed to the declaration of Thomas West, which referenced the report of a defense medical examiner, as well

2

as the testimony of two Providence phlebotomists. Providence countered that chapter 7.70 RCW was applicable regardless of how Kipfer characterized her complaint, and that none of the experts Kipfer referenced had testified to the appropriate standard of care.

The trial court granted Providence's motion for summary judgment. It found that chapter 7.70 RCW applied to Kipfer's claim. However, it found that if chapter 7.70 did not apply, then a question of fact would remain on ordinary negligence.

Kipfer appeals.

DISCUSSION

Kipfer argues that the trial court erred in granting Providence's motion for summary judgment. She argues that the trial court should not have applied the chapter 7.70 RCW general requirement that she provide expert testimony to establish the standard of care to her case. She argues in the alternative that even if chapter 7.70 RCW applied, she provided competent expert testimony as the statute generally requires. Providence assigns no error to the trial court's findings.

Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A party can meet this standard by pointing out to the trial court that the nonmoving party lacks sufficient evidence to support its case. Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 21, 851 P.2d 686 (1993). We review summary judgment decisions de novo. Mohr v. Grantham, 172 Wn.2d 844, 859, 262 P.3d 490 (2011).

Chapter 7.70 RCW governs all civil actions based on tort, contract, or otherwise arising from health care after June 25, 1976. RCW 7.70.010. The

procedural and substantive modifications set out in chapter 7.70 RCW apply to such suits regardless of how the suit is characterized. Branom v. State, 94 Wn. App. 964, 969, 974 P.2d 335 (1999). Expert testimony is generally required to establish the applicable standard of care in suits under chapter 7.70 RCW. Grove v. PeaceHealth St. Joseph Hosp., 182 Wn.2d 136, 144, 341 P.3d 261 (2014).

Chapter 7.70 RCW does not define the term "health care." RCW 7.70.020; Branom, 94 Wn. App. at 969. We have previously defined "health care" in this context as "'the process in which [a physician is] utilizing the skills which [they] have been taught in examining, diagnosing, treating or caring for [their] patient.'" Branom, 94 Wn. App. at 969-70 (first alteration in original) (quoting Estate of Sly v. Linnville, 75 Wn. App. 431, 439, 878 P.2d 1241 (1994)). "The statutory definition of 'health care provider' includes physicians, physician assistants, nurses, and any 'entity' employing such persons, including hospitals or an employee or agent thereof acting in the course and scope of his or her employment." PeaceHealth, 182 Wn.2d at 144.

Chapter 7.70 RCW "sweeps broadly." Branom, 94 Wn. App. at 969. But, its reach is not endless. We have previously declined to apply the requirements of the chapter to healthcare-related suits for damages unrelated to the delivery of care. See generally Estate of Sly, 75 Wn. App. at 440 (RCW 7.70.10 did not apply to a doctor's misrepresentations to his patient of a prior doctor's negligence); Quimby v. Fine, 45 Wn. App. 175, 180-81, 724 P.2d 403 (1986) (a doctor's entrepreneurial activities fall outside the scope of health care); Reed v. ANM Health Care, 148 Wn. App. 264, 272-73, 225 P.3d 1012 (2008) (summary

4

judgment inappropriate because a jury could determine that a nurse's decision to exclude a patient's partner from her hospital room was not based on medical judgment). The "key question" is whether an injury occurs "during 'the process by which [a medical professional is] utilizing the skills which [the professional has] been taught in examining diagnosing, treating or caring for' the patient." Reed, 148 Wn. App. at 271 (alterations in original) (quoting Branom, 94 Wn. App. at 969-70).

We agree with Providence that a blood draw is a medical procedure. We agree that Kipfer was present as a patient. But, Kipfer's injury occurred prior to the beginning of the blood draw. The phlebotomist was not assisting Kipfer into the chair or rendering any type of care to her. She merely asked Kipfer her name so she could pull up her records for the procedure. The injuries alleged did not arise out of health care provided by the phlebotomist.

Kipfer's complaint alleges that Providence provided an unsafe chair on its premises that she was directed to use and that caused her injuries. Providence knew the chair swiveled. The chair had a footrest. It was foreseeable that a person directed to sit in the chair would step upon that footrest while attempting to sit in the chair. It was foreseeable that the chair would swivel in response. No warning—written or oral—was provided by the hospital. The claim was in the nature of premises liability negligence, not health care professional negligence.

As a matter of law, chapter 7.70 RCW does not apply on these facts. We therefore hold that the trial court erred in applying chapter 7.70 RCW to Kipfer's suit and in granting summary judgment in favor of Providence.

5

The trial court's order on summary judgment also provided that "[i]f [chapter 7.70 RCW] does not [apply], then a question of fact remains on ordinary negligence." Error was not assigned to this portion of the order by either party.

We reverse and remand for trial.

_Appelwick, J._

WE CONCUR:

_Chun, J._        _Verellen, J._